**STATE of Missouri, Respondent,**

v.

**Terry SHANNON, Appellant.**

**Terry SHANNON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55460, 56925.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 3, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1990.

Application to Transfer Denied
Oct. 16, 1990.

Mark B. Moran, Asst. Public Defender, Clayton, Beverly A. Beimdiek, Asst. Sp. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Terry Shannon, appeals from the judgments of conviction, after a jury trial, of four counts of forgery for which he was sentenced, as a prior and persistent offender, to concurrent terms of imprisonment of seven years on each count. He also appeals from the denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. We affirm.

The evidence, viewed in the light most favorable to the state, discloses that defendant was employed by Dillard's department store at Northwest Plaza as a salesman. Defendant traveled to Dillard's at Jamestown Mall with a Dillard's "merchandise only" voucher in the amount of $536.55, credited to a Leroy Brock. To be valid, these vouchers must be signed by a Dillard's area store manager. Defendant knew of the policies and procedures associated with Dillard's vouchers.

The voucher in defendant's possession was purportedly signed by a Dillard's employee, but this employee was not authorized to approve vouchers and he testified that he did not remember signing the voucher. It contained the date of sale and the employee identification number of the saleswoman who purportedly sold the merchandise. The merchandise purportedly consisted of Polo sports items totaling $536.55, marked on the voucher as returned merchandise.

The saleswoman worked in the same store and department as the defendant. As co-workers, the saleswoman and defendant knew each other's employee identification numbers. The saleswoman testified that she did not remember making the $536.55 sale of Polo items on the date specified and that, if she had made such a sale, she would have remembered it.

Defendant first used the voucher to purchase shoes. The shoe salesperson executed the sale by deducting the price of the shoes from the total credit allowed on the voucher. Defendant then signed Leroy Brock's name to the new voucher. Defendant repeated this process to make three additional purchases, each time signing Leroy Brock's name. On the fourth transaction, the Dillard's salesperson called for assistance from security, and defendant fled the scene, leaving the voucher at the sales counter.

About a week later, Dillard's security questioned defendant when defendant appeared for work at the Northwest Plaza store. Defendant denied ever using the voucher or knowing anyone named Leroy Brock. At trial, however, defendant of-

fered witness testimony that defendant did, in fact, use the voucher, and that he had Leroy Brock's consent to do so.

For his first point, defendant claims the trial court erred in denying defendant's motion for judgment of acquittal at the close of the state's case because the state failed to prove an essential element of the crime of forgery—defendant's intent to defraud. Defendant specifically notes the state failed to show (1) that the original merchandise was not purchased and returned (thereby failing to show someone fraudently made the voucher); and (2) that defendant did not have Leroy Brock's consent to sign Brock's name or to use the voucher.

■ In his motion for a new trial, defendant claimed only:

The trial court erred in denying defendant's motion for judgment of acquittal at the close of the state's evidence because the state had not proven its case [due to insufficiency of the evidence], by not producing the person whose signature had supposedly been forged, nor producing any evidence that Dillard's was or could have been the victim of any crime, which caused the jury to convict the defendant on an insufficiency of the evidence.

Assignments of error cannot be broadened or changed by raising them for the first time in an appellate brief. *State v. Brown*, 752 S.W.2d 382, 384 (Mo.App.1988). Accordingly, these additional contentions are not preserved for appellate review.

■ We have nonetheless reviewed defendant's first point, *ex gratia*, and find it lacks merit. Once the state establishes that defendant uttered a forged instrument as genuine, an inference arises of defendant's intent to defraud. *State v. Wade*, 696 S.W.2d 860, 862 (Mo.App.1985). The defendant may then rebut the inference by explaining his possession of the instrument to the satisfaction of the trier of fact. *Id.* Here the state showed that defendant signed the name of another to an unauthorized credit voucher. At that point, an inference arose of defendant's intent to defraud, and the state made a submissible case of forgery for the jury to decide.

Here, defendant produced some evidence to rebut the inference, but the jury simply did not find it credible. We cannot say the trial court erred in overruling defendant's motion for judgment of acquittal. Defendant's first point is denied.

For his second point, defendant claims the trial court erred in allowing the state to make certain comments in its closing argument. No jurisprudential purpose would be served by written opinion on this point. Defendant's second point is denied. Rule 30.25(b).

For his third point, movant Terry Shannon appeals from the denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. The judgment of the trial court is based on findings of fact that are not clearly erroneous. No error of law appears. A written opinion would have no precedential value. Movant's third point is denied. Rule 84.16(b).

The judgments of conviction are affirmed. The judgment of the motion court denying movant's Rule 29.15 motion is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.