Jerome BARNES, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 94650.

Missouri Court of Appeals, Eastern District, Division One.

March 8, 2011.

Daniel Allan Juengel, Clayton, MO, for appellant.

Chris Koster, Atty. Gen., Mary Highland Moore, Shaun J. Mackelprang, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

Jerome Barnes (Barnes) appeals the Judgment of the Circuit Court of the City of St. Louis, the Honorable Mark H. Neill, presiding. A jury convicted Jerome Barnes of First–Degree Robbery, Armed Criminal Action, Second–Degree Trafficking, Possession of a Controlled Substance, and Resisting Arrest. He was sentenced as a prior offender to twenty years for robbery, five years each for criminal action, trafficking in the second degree, and possession of a controlled substance, and four years for resisting arrest, with all sentences to run concurrently. This Court affirmed movant's conviction and sentence on direct appeal. *State v. Barnes,* 241 S.W.3d 418 (Mo.App. E.D.2007).

On appeal, Barnes argues that the motion court erred in denying his Rule 29.15 motion for post-conviction relief. He claims that he is entitled to relief because his trial counsel was ineffective for failing to call two alibi witnesses, making an insufficient offer of proof regarding another party's involvement in the crime, failing to object to statements made by the prosecutor during closing arguments, and failing to have a pill bottle found on Barnes at the time he was arrested fingerprinted. Barnes also claims that the motion court erred in denying the admission of two affidavits.

Under Rule 29.15, this Court reviews the motion court's judgment for clear error. Rule 29.15(k); *Jackson v. State,* 205 S.W.3d 282, 284 (Mo.App. E.D. 2006). "The findings and conclusions are clearly erroneous only if, after reviewing the entire record, [this Court is] left with the definite and firm impression that a mistake has been made." *Id.*

On any claim of ineffective assistance of counsel, the Movant must establish both deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to prove either prong is fatal to the claim. *Childs v. State,* 314 S.W.3d 862, 866 (Mo.App. W.D.2010). To establish deficient performance, Movant must overcome the strong presumption that counsel acted professionally and that all decisions were based on sound trial strategy. *Id.* To establish prejudice, Movant "must show that, but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different." *Id.* (internal citations omitted).

In his first point on appeal, Barnes claims that the motion court erred in denying his claim of ineffective assistance of counsel based on counsel's failure to call two potential alibi witnesses at the trial. At the evidentiary hearing, Barnes testified that he provided his trial counsel with contact information for two women, Lavita Barnes (his aunt) and Tiffany Johnson (his then-girlfriend).

As an initial matter, Barnes abandoned his claim as to Ms. Johnson because he failed to present any evidence supporting his claim of her value as a witness. "Failure to present evidence at a hearing in support of factual claims in a post-conviction motion constitutes abandonment of that claim." *State v. Nunley,* 980 S.W.2d 290, 293 (Mo. banc 1998). In his Amended Motion, Barnes claims that Ms. Johnson's testimony would have bolstered his alibi that he was at his mother's home when the crime was committed and remedied inconsistencies between other witnesses testifying similarly. However, the only evidence presented at the evidentiary hearing came from trial counsel who testified that Barnes had given him Ms. Johnson's name as an alibi witness and that several people he interviewed indicated she was at the home that evening, and from Barnes who testified that he had given Ms. Johnson's contact information to his counsel, thought she would be called as a witness and was unhappy when she wasn't. None of this directly supports Barnes' claim. Ms. Johnson did not testify and the court rejected the affidavit of an attorney concerning a conversation the attorney had with Ms. Johnson.

Turning to Barnes' claim as to Lavita Barnes, "[t]o establish ineffective assistance of counsel based on failure to call a witness, Movant must demonstrate: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness' testimony would have produced a viable defense." *Hurst v. State,* 301 S.W.3d 112, 117 (Mo. App. E.D.2010). In regards to Ms. Barnes, the only element at issue is the fourth—whether her testimony would have aided the defense.

Trial counsel's decision not to a call a witness is presumptively trial strategy and will not support an ineffective assistance of counsel claim absent a clearly showing by the Movant that it was not. *Id.* Strategic choices made after a thorough investigation are virtually unchallengeable. *Bucklew v. State,* 38 S.W.3d 395, 398 (Mo. banc 2001). There is sufficient evidence in the record to support the conclusion that the decision not to call Ms. Barnes as a witness was a strategic one made after a thorough investigation. In preparation for this case, trial counsel interviewed his client several times and employed a private investigator who interviewed potential witnesses. Strategically, the testimony Ms. Barnes told the motion court she

would have given at trial would have contradicted the testimony of two of the alibi witnesses who were called—the two witnesses who were called said Ms. Barnes left the home early in the evening while she says she was there until midnight. Rather than having cemented Barnes' alibi, this testimony could have raised further doubt in the jurors' minds as to the veracity of his defense. Given this evidence, Barnes failed to satisfy his burden that this testimony would have established a viable defense.

■■■ Further, the record supports the motion court's conclusion that Ms. Barnes's testimony would have been cumulative to other witnesses that were called. Failure to present cumulative evidence will not support a claim of ineffective assistance of counsel. *Id.* at 401. Evidence is cumulative when it relates to a matter fully developed by other testimony. *See Black v. State,* 151 S.W.3d 49, 56 (Mo. banc 2004). Ms. Barnes was going to testify that Movant was at home at the time the crime was committed. Three witnesses testified to that same thing at trial. Ms. Barnes would have provided no new information to the jury.

■■■ Finally, Barnes' first point fails the second prong of the *Strickland* test. Given the overwhelming evidence of his guilt and the cumulative nature of her testimony, Movant failed to prove the reasonable probability of a different outcome if Lavita Barnes had been called to testify at his criminal trial.

■■■ In his second point on appeal, Barnes claims the motion court erred in denying his claim of ineffective assistance of counsel based on trial counsel's failure to make an adequate offer of proof regarding David Love's involvement with the crime. Barnes avers that trial counsel had evidence directly connecting Mr. Love with the crime, but failed to present that evidence, thereby prejudicing him. To establish an ineffective assistance of counsel claim based on an inadequate offer of proof, the Movant must prove that the evidence offered would have been admissible if an adequate offer of proof had been made. *Childs,* 314 S.W.3d at 867; *State v. Danback,* 886 S.W.2d 204, 209 (Mo.App. E.D.1994). Failure to do so is fatal. *Childs,* 314 S.W.3d at 867; *Danback,* 886 S.W.2d at 209. On direct appeal, this Court, in its memo supporting a Rule 84.16(b) Order, explicitly found that excluded evidence pertaining to Mr. Love would have been inadmissible even with an adequate offer of proof. Movant may not relitigate this finding by reframing it as an ineffective assistance of counsel claim. *Williams v. State,* 205 S.W.3d 300, 307 (Mo.App. W.D.2006). The motion court did not error in its denial.

■■■ In his third point, Barnes argues that the motion court erred in finding that trial counsel was not ineffective for failing to object to certain statements made by the prosecutor during his closing argument, specifically when the prosecutor said, "... defendant was a menace, first terrorizing young women, luring them to the side of the highway, holding them up at gunpoint, pointing guns at other human beings, and then again in less than 48 hours, driving in a reckless manner ..." Barnes claims that these statements improperly refer to uncharged crimes and that he was prejudiced by trial counsel's failure to object.

■■■ To establish ineffective assistance of counsel based on counsel's failure to object during opening or closing statements, the Movant must show that his counsel's objections would have been upheld if made and that the failure to object resulted in a substantial deprivation of his right to a fair trial. *Glass v. State,* 227

S.W.3d 463, 473 (Mo. banc 2007). Failure to make a non-meritorious object is not ineffective. *Jackson v. State,* 205 S.W.3d 282, 290 (Mo.App. E.D.2006). Additionally, like the decision not to call a witness, the decision not to object is presumptively trial strategy and will not support an ineffective assistance of counsel claim unless the Movant shows otherwise. *Id.*

■ Trial counsel would not have been successful had he objected to the prosecutor's comments. "The state may characterize the defendant or his conduct when the evidence supports the characterization." *Id.* A reasonable person could find that Barnes' actions in pointing a gun at a woman, hijacking her car and leading police on a high speed chase were the acts of a menace. The record supports the prosecution's description. As the objection would have been overruled, trial counsel was not ineffective for failing to make it. Further, Barnes failed to overcome the presumption that the decision not to object was reasonable trial strategy. He did not even inquire of trial counsel why he did not object at trial.

■ Barnes also claims that appellate counsel was ineffective for failing to raise this same issue on appeal. Appellate counsel is not ineffective for failing to raise every non-frivolous claim on appeal but may use his professional judgment to focus on the most important issues. *Jones v. Barnes,* 463 U.S. 745, 751–52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). At the evidentiary hearing, appellate counsel testified that he raised *every* issue which he believed had merit in Barnes' appeal. As such, appellate counsel more than fulfilled the requirements set-forth in *Jones.*

In his fourth point on appeal, Barnes argues that the motion court erred in denying admission of the affidavits of Tiffany Johnson[1] and Dawton Littleton. He claims the affidavits were admissible because they were not offered to prove the truth of the matter asserted but were instead offered to prove that trial counsel knew of other relevant witnesses whom he failed to investigate. Even if this Court were to accept Barnes' assertion as to why the affidavits were offered, he suffered no error by their rejection. There was uncontroverted evidence before the motion court that trial counsel knew of these two witnesses and yet failed to speak with them. Barnes did not need these affidavits to prove that point.

■ In his final point on appeal, Barnes claims that the motion court erred in finding that trial counsel was not ineffective for failing to have a pill bottle found in Movant's possession at the time of his arrest fingerprinted. "To succeed on an ineffective assistance of counsel claim based on inadequate investigation, movant must specifically describe the information the attorney failed to discover, allege that a reasonable investigation would have resulted in the discovery of such information and prove that the information would have aided or improved movant's position." *Yoakum v. State,* 849 S.W.2d 685, 688 (Mo. App. W.D.1993). Barnes fails to establish the third prong of this test—he did not show that information obtained from fingerprinting the bottle would have aided or improved his position. If the bottle had been fingerprinted and Movant's prints were found on it, this would have been additional evidence of Movant's guilt. Even if his prints were not found on the bottle, there was uncontroverted evidence

---

1. The affidavit is actually of Stephanie Brauch. Ms. Brauch is an attorney employed at the same law firm as post-conviction counsel. She interviewed Ms. Johnson over the phone and recounts the content of that conversation in her affidavit.

presented at trial that the bottle was found in his jacket, and trial counsel testified at the evidentiary hearing that it would have simple for the prosecution to explain away the lack of fingerprints on an item. It would not have aided Movant's case to have had the bottle fingerprinted.

As the motion court committed no error, we affirm its judgment in full.

ROY L. RICHTER, C.J. and JOHN BERKEMEYER, Sp.J., concur.