**James Randall BAKER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

**No. SD 32106.**

Missouri Court of Appeals, Southern District, Division One.

June 19, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 2013.

Ellen H. Flottman, Columbia, MO, for Appellant.

Chris Koster (Attorney General), Karen L. Kramer, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, J.

James Randall Baker ("Movant") was convicted of statutory rape in the first degree following a jury trial. At trial, defense counsel raised an issue during the testimony of a doctor who testified for the State. Defense counsel argued that the witness was giving a false impression to the jury regarding "significant positive findings" whereas the only two positive findings, hymen transaction and evidence of an STD, could not have been caused by events that allegedly occurred two days before the exam. Specifically, defense counsel was prevented from asking questions concerning signs of the victim being infected with human papillomavirus ("HPV") that would be inconsistent with the time frame of this crime. Movant then claimed in his direct appeal that he was improperly prevented from presenting evidence that fell within several exceptions to the rape shield statute.[1]

This Court denied Movant's claim in the direct appeal because we agreed with "the State's contention that [Movant] did not properly preserve his claim for appellate review because he failed to make an offer of proof." We noted that the proponent of the evidence must make an offer of proof to allow the trial court to consider the testimony in context and to make an informed ruling. We also noted that the offer of proof allows the reviewing court to understand the claim of error and determine what prejudice, if any, resulted from the exclusion of the evidence. *State v. Sanchez*, 186 S.W.3d 260, 264 (Mo. banc 2006); *Reno v. Wakeman*, 869 S.W.2d 219, 225 (Mo.App. S.D.1993). We specifically noted that it was unclear from the record of trial counsel's statement to the court "exactly what is alleged to constitute evidence[.]" We held that trial "counsel's side-bar arguments to the trial court did not constitute an offer of proof" and, therefore, Movant's claim of error was not preserved or addressed by this Court.

Movant filed a motion for postconviction relief pursuant to Rule 29.15. The motion court denied relief without an evidentiary hearing. Movant's sole point on appeal is that the motion court erred in denying the motion without a hearing because he pled factual allegations, specifically the failure to make an offer of proof during cross-examination of the witness for the State which, if proved, would warrant relief and are not conclusively refuted by the record. We agree. We cannot determine if the evidence fits within an exception to the rape shield statute and, thus, would have been admissible, nor can we determine whether the motion court was clearly erroneous in its findings because there is no evidence before us to make that determination.[2] It is not conclusively refuted by the record what, if any, potential effect a finding that the

---

1. Section 491.015. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2013), unless otherwise specified.

2. We review the denial of a Rule 29.15 motion to determine whether its judgment is clearly erroneous. *Antwine v. State*, 791 S.W.2d 403, 406 (Mo. banc 1990).

victim had an STD would have had as an exception to the rape shield statute.

The State cites *Barnes v. State*, 334 S.W.3d 717, 722 (Mo.App. E.D.2011), for the proposition: "[t]o establish a claim of ineffective assistance of counsel based on failure to make an offer of proof, appellant must allege facts demonstrating that the evidence offered would have been admissible if an adequate offer of proof had been made." The problem is that *Barnes* was decided after an evidentiary hearing. There has not been an evidentiary hearing in this case. A post-conviction movant is entitled to a hearing if he pled facts in his motion which, if true, would entitle him to relief, unless the motion and the record conclusively show that he is not entitled to relief. Rule 29.15(h).

The State's argument concerning the merits of the evidence, that whatever evidence Movant seeks to admit would not have been admissible under the rape shield statute, presupposes what the evidence will be. The State's further contention that the only purpose for the testimony was to impeach the victim is not supported by the transcript or the motion. Our problem is that we do not know what the cross-examination of the doctor would have entailed because we do not have an offer of proof, which is the precise claim of error by Movant. Movant has alleged facts, not conclusively refuted by the record, which, if proven, would warrant relief and, thus, is entitled to a hearing on those allegations.

The judgment is reversed and remanded.

GARY W. LYNCH, P.J. and WILLIAM W. FRANCIS, JR., J., Concur.