

# In the Missouri Court of Appeals
# Eastern District

### DIVISION III

| | | |
|---|---|---|
| ROBERT CHILDS, | ) | No. ED100441 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Margaret M. Neill |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: August 19, 2014 |

Introduction

Appellant Robert Childs ("Childs") appeals from the judgment of the motion court denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing. Childs was convicted by a jury of first-degree tampering with a motor vehicle. This Court affirmed Childs's conviction on direct appeal in State v. Childs, 362 S.W.3d 491 (Mo. App. E.D. 2012). Childs subsequently filed a motion for post-conviction relief pursuant to Rule 29.15, alleging his trial counsel was ineffective for: (1) failing to introduce photographs of the scene where Childs was identified by Officer Vogelzang, and (2) failing to object to police reports offered by the State at sentencing that accused Childs of prior unadjudicated criminal conduct. The motion

---

[1] All rule references are to Mo. R. Crim. P. 2013.

court denied the motion without an evidentiary hearing.  Childs now appeals.  Finding no clear error, we affirm the judgment of the motion court.

Factual and Procedural History

Viewed in the light most favorable to the verdict, the evidence adduced at trial is as follows: On the morning of January 3, 2010, Jasmine Fisher ("Fisher") was in her green 1997 Toyota Camry in front of her home in the City of St. Louis.  Fisher was preparing to leave for work when she realized she left her security badge in her house.  Fisher went back inside her house for about 30 seconds, leaving the keys in the ignition.  When she returned outside, her car was missing.  Fisher then called the police and reported the car stolen.

Between 7:00 and 8:00 p.m. that night, St. Louis Metropolitan Police officers Stephen Walsh and Matthew Karnowski, plainclothes officers with the Anti-Crime Task Force, were working in the 5000 block of Davison Avenue.  The officers saw a car matching the description on the department's "hot sheet" of stolen cars.  A check with the dispatcher confirmed the car was still considered stolen.  The car appeared unoccupied, so the officers watched the car from their unmarked vehicle, waiting to see if someone got in.  Although the officers never saw anyone get in the car, the car suddenly drove off.  The officers then followed the car and made a radio call to put out a description of the car and get help in apprehending it.

The officers initially lost sight of the car, but again saw it near Thrush and Lillian.  Other Anti-Crime Task Force detectives were at that location and attempted to deploy spike strips to stop the car.  The car came into contact with the strips, but the strips failed to stop the car.  Shortly thereafter, the car stopped, a passenger got out, and the driver continued on.  At this point, the officers again lost sight of the car.

2

Meanwhile, Officer Alexander Vogelzang, a uniformed patrol officer in the area, was stopped on an unrelated matter on Ferris Avenue, a one way street, when he saw Fisher's vehicle turn the wrong way onto Ferris. The car quickly drove directly toward Officer Vogelzang. At that time, Officer Vogelzang identified Childs, whom he knew from numerous encounters in the area, as the driver and sole occupant of the car. Vogelzang witnessed Childs jump the car onto the curb and drive through front yards of several houses along Ferris Avenue to maneuver around Officer Vogelzang's patrol car. Officer Vogelzang then made a radio call giving a description of the vehicle. After that call, Officer Walsh called Officer Vogelzang's cell phone to ask if he saw the driver, and Vogelzang told him the driver was Childs.

Officers Walsh and Karnowski later found the car in the 4300 block of Darby. The car was parked and unoccupied, with the keys inside. After the car was photographed and checked (unsuccessfully) for fingerprints, the officers called Fisher to come and pick up her car. When Fisher retrieved her car, she noticed some clothing in the back seat that did not belong to her, including a pair of pants. In the back pocket of the pants, Fisher found an ID card with Childs's name and address on it. The next day, Childs was arrested at the address on the ID card found in Fisher's car.

A jury convicted Childs of one count of first-degree tampering with a motor vehicle. The trial court sentenced Childs as a prior and persistent offender to ten years in the Missouri Department of Corrections. This Court affirmed Childs's conviction and sentence in State v. Childs, 362 S.W.3d 491 (Mo. App. E.D. 2012). On June 7, 2012, Childs filed a *pro se* motion to Vacate, Set Aside, or Correct Judgment and Sentence. Appointed counsel filed an amended motion and request for an evidentiary hearing, raising two claims of ineffective assistance of

3

counsel. On August 8, 2013, the motion court entered findings of fact and conclusions of law denying Childs's motion without an evidentiary hearing. This appeal follows.

## Points on Appeal

Childs presents two points on appeal, both of which assert that the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because he alleged facts not refuted by the record showing he was denied effective assistance of counsel. In his first point on appeal, Childs argues that his trial counsel was ineffective in failing to impeach Officer Vogelzang with photographic evidence proving that his eyewitness account and identification were not credible. In his second point on appeal, Childs argues his trial counsel was ineffective in failing to object to inadmissible police reports offered by the State at sentencing.

## Standard of Review

We review the denial of a Rule 29.15 motion for post-conviction relief only to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court is left with a "definite and firm impression that a mistake has been made" after reviewing the entire record. Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010).

To be entitled to an evidentiary hearing on a claim brought for post-conviction relief, a movant must (1) allege facts, not conclusions, that, if true, would warrant relief; (2) the facts alleged must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Barnett v. State, 103 S.W.3d 765,

4

769 (Mo. banc 2003). An evidentiary hearing is not required if the files and records of the case conclusively show that the movant is entitled to no relief. Id.

Discussion

To state a claim of post-conviction relief premised on ineffective assistance of counsel, a movant must allege facts, not conclusions, showing (1) his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) his counsel's deficient performance prejudiced him. Morrow v. State, 21 S.W.3d 819, 823 (Mo. banc 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Failure to prove either prong is fatal to the claim. Barnes v. State, 334 S.W.3d 717, 721 (Mo. App. E.D. 2011). To establish deficient performance, a movant must overcome the strong presumption that counsel acted professionally and that all decisions were based on sound trial strategy. Id. To establish prejudice, a movant "must show that, but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different." Id. (internal citations omitted).

**I.    Failure to Impeach Officer Vogelzang**

In his first point on appeal, Childs alleges that trial counsel was ineffective for failing to impeach Officer Vogelzang, the only witness who identified Childs as the driver of the car. Childs avers that trial counsel did not introduce photographs that would have demonstrated it was impossible for Childs to drive over the front yards of houses on Ferris Avenue as Officer Vogelzang had testified.

At trial, Officer Vogelzang testified that he was conducting a traffic stop on Ferris Avenue, a one-way street, when he saw a dark-colored car turn onto Ferris going the wrong direction at a high rate of speed. Officer Vogelzang saw the driver, whom he recognized as

5

Childs from five to ten previous encounters, including one encounter that occurred just the week prior. Vogelzang testified that, as Childs approached him, the car jumped a curb, drove up onto the south sidewalk and into the front yards of the houses on the south side of the street to drive around the officer, and continued west on Ferris. Officer Vogelzang further testified that Childs was the sole occupant of the car.

Childs maintains that the yards on the south side of Ferris are very steep and are punctuated by stairways with railings that would have been damaged had the car been driven through the yards as Officer Vogelzang testified. Childs further claims that driveways that cut into the steep yards on Ferris would have disabled the car had the car been driven into the yards as Officer Vogelzang testified. Childs avers that had trial counsel shown the jury photographs depicting the steep yards on Ferris, the jury would have realized that Officer Vogelzang was lying about what he saw that night and therefore would have found Childs not guilty. We are not persuaded.

"Failure to impeach a witness does not generally warrant relief for ineffective assistance of counsel where the facts, even if true, do not establish a defense." Wren v. State, 313 S.W.3d 211, 219 (Mo. App. E.D. 2010). Trial counsel's decision to impeach is presumed to be a matter of trial strategy. Id. To overcome this presumption, a movant must demonstrate that the decision was not a matter of reasonable trial strategy and that the impeachment would have provided him with a defense or would have changed the outcome of the trial. Id.

Even assuming that photographs of Ferris Avenue would have contradicted Officer Vogelzang's testimony describing the exact route Childs drove to steer around his patrol car, impeaching Officer Vogelzang on this issue would not have provided Childs with a viable defense. The critical part of Officer Vogelzang's testimony was his identification of Childs as

6

the driver of Fisher's vehicle. The photographs that Childs argues should have been introduced would not have contradicted Officer Vogelzang's identification of Childs as the driver and sole occupant of the car. We are not persuaded by Childs's suggestion that if such photographs had been shown to the jury, Officer Vogelzang's credibility would have been so fully impeached that the jury would have rejected Officer Vogelzang's testimony identifying Childs, which testimony was corroborated by the identification card found in the stolen car having Fisher's name and address and Officer Walsh's testimony that Officer Vogelzang identified the driver as Childs prior to finding the identification card in the car.

The motion court concluded that Childs's claim regarding the photographs "is purely a collateral matter that touches marginally on Officer Vogelzang's credibility but would not have provided a defense." We agree. Trial counsel's failure to introduce such photographs and evidence at trial does not rise to the level of ineffective assistance of counsel. We hold that the motion court's conclusion is not clearly erroneous. Point One is denied.

## II. Failure to Object at Sentencing

In his second point on appeal, Childs asserts that trial counsel was ineffective in failing to object to the admission of police reports at sentencing which accused Childs of offenses for which he had never been convicted. The police reports contained allegations of peace disturbance, unlawful use of a weapon, first-degree assault, and armed criminal action. Childs argues that under State v. Fassero, evidence of prior unadjudicated criminal history is inadmissible at a sentencing hearing unless the State proves the criminal conduct by a preponderance of the evidence. State v. Fassero, 256 S.W.3d 109 (Mo. banc 2008). By relying solely on the allegations in the police report, rather than direct evidence of the alleged crimes, Childs contends the State did not prove the prior unadjudicated criminal conduct by a

7

preponderance of the evidence. Childs asserts that had trial counsel objected, the police reports would not have been introduced at sentencing, and he would have received a more lenient sentence.

Childs's reliance on Fassero is misplaced. Fassero dealt with the admission of evidence in sentencing before a jury. See id. at 118-19. Here, Childs was sentenced by the trial court. A sentencing court is allowed to rely on a wide range of evidence at sentencing, including evidence of the history and character of the defendant. State v. Berry, 168 S.W.3d 527, 536 (Mo. App. W.D. 2005). The discretion accorded to a sentencing court includes consideration of hearsay accounts of unadjudicated conduct. See Martin v. State, 291 S.W.3d 846, 850 (Mo. App. W.D. 2009) (distinguishing Fassero as a jury sentencing case and concluding that the sentencing court could properly consider hearsay accounts of prior arrests in presentence investigation report). The police reports offered by the State contained the same type of information regularly considered by sentencing courts in presentence investigation reports and thus were properly admitted by the trial court. See Rule 29.07.[2] Accordingly, any objection made by trial counsel to the use of the police reports at the sentencing hearing would have been without merit. Trial counsel's failure to object to admissible evidence is not ineffective assistance of counsel. State v. Parker, 886 S.W.2d 908, 932 (Mo. banc 1994).

Because Childs's has failed to allege facts that, if true, would entitle him to relief, Point Two is denied.

---

[2] Rule 29.07 provides that "The report of the pre-sentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition, his social history, and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant."

## Conclusion

The motion court's findings of fact and conclusions of law are not clearly erroneous. The judgment of the motion court is affirmed.

_Kurt S. Odenwald_, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

9