

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | |
|---|---|
| SAMUEL CUMMINGS, Jr., | ) ED100849 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court |
| | ) of the City of St. Louis |
| v. | ) 1122-CC09575 |
| | ) |
| STATE OF MISSOURI, | ) Honorable Philip D. Heagney |
| | ) |
| Respondent. | ) Filed: October 14, 2014 |

## Introduction

Samuel Cummings (Movant) appeals from the motion court's judgment denying his motion for post-conviction relief under Rule 29.15[1] (Rule 29.15 Motion) without an evidentiary hearing, arguing that his motion sufficiently alleged facts showing his trial counsel and appellate counsel were ineffective. We affirm.

## Background

Following a jury trial, Movant was convicted of forcible rape, kidnapping, unlawful use of a weapon, and child molestation in the second degree. These convictions arose out of an incident on July 13, 2007, when the 15-year-old victim (Victim) came to Movant's apartment. The evidence at trial was that Movant held a broken pair of scissors to Victim's neck and would not let her leave, masturbated in front of her, rubbed his

---

[1] All rule references are to Mo. R. Crim. P. (2011), unless otherwise indicated.

penis on her back, and forcibly inserted his penis into her vagina. The trial court sentenced Movant to concurrent and consecutive sentences totaling twenty-five years' imprisonment. This Court affirmed his convictions and sentences on appeal. State v. Cummings, 342 S.W.3d 904 (Mo. App. E.D. 2011).

Movant timely filed his Rule 29.15 Motion, which contained two allegations of ineffective assistance of counsel. First, Movant alleged his appellate counsel was ineffective due to failure to raise a preserved claim of error on appeal; namely, that the trial court erred in failing to strike Venireperson Pavia for cause. Movant also alleged that his trial counsel was ineffective for failing to strike Venireperson Lomack peremptorily or for cause. The motion court denied Movant's motion without an evidentiary hearing, finding that the record refuted Movant's claims for relief. This appeal follows.

## Standard of Review

Our review of the motion court's denial of a motion for post-conviction relief is "limited to the determination of whether the findings of fact and conclusions of law are clearly erroneous." Hickey v. State, 328 S.W.3d 225, 227 (Mo. App. E.D. 2010). Findings and conclusions are clearly erroneous "only if, after a review of the entire record, the reviewing court is left with a definite and firm impression that a mistake has been made." Id.

In order to be entitled to a hearing on a motion under Rule 29.15, a movant must allege facts, not conclusions, which are not refuted by the record and if true, entitle the movant to relief. Woolridge v. State, 239 S.W.3d 151, 154 (Mo. App. E.D. 2007). The matters complained of must have resulted in prejudice to the movant. Id.

2

## Point I

Movant argues the motion court clearly erred in denying his motion without an evidentiary hearing, because his Rule 29.15 Motion adequately alleged that his appellate counsel was ineffective for failing to raise a preserved claim of error regarding jury selection on direct appeal. Specifically, Movant argued that had his appellate counsel raised the claim that the trial court erred in not striking Venireperson Pavia for cause, the appellate court would have reversed Movant's convictions and remanded for a new trial. We disagree.

The standard for showing ineffectiveness of appellate counsel is essentially the same as that for trial counsel: the movant must show that appellate counsel breached a duty and prejudice resulted. Holman v. State, 88 S.W.3d 105, 110 (Mo. App. E.D. 2002). Where a movant alleges ineffectiveness based on failure to raise a particular claim of error on appeal, the movant must show that the claim "would have required reversal had it been brought[,] and [the error] was so obvious from the record that a reasonably competent attorney would have recognized and asserted it." Id. "Appellate counsel has no duty to present every issue asserted in the motion for new trial," and Movant must overcome the presumption that appellate counsel's choice regarding points on appeal was a matter of sound strategy. Id.

Here, if the allegations in Movant's Rule 29.15 Motion are true, they still do not entitle him to relief on his claim that had appellate counsel raised the issue of a strike of Venireperson Pavia for cause, this Court would have reversed Movant's convictions. This is because Movant's Rule 29.15 Motion states that after the trial court declined to strike Venireperson Pavia for cause, Movant's trial counsel exercised a peremptory strike

3

to remove Venireperson Pavia from the jury pool. Thus, Movant's claim of prejudice arises not from Venireperson Pavia's presence on the jury, but from the loss of a peremptory strike.

This claim of error is precluded by statute in Section 494.480.4.[2] See State v. Cole, 71 S.W.3d 163, 173 (Mo. banc 2002). Section 494.480.4 provides the following:

> The qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a ground for the granting of a motion for new trial or the reversal of a conviction or sentence unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant.

The Missouri Supreme Court has rejected claims that this statute is unconstitutional. See State v. Gill, 167 S.W.3d 184, 194-95 (Mo. banc 2005) (finding statute does not impermissibly deny access to Missouri courts of justice, violate equal protection, or lack rational basis; noting statute has "rational purpose of avoiding unnecessary retrials in cases where the jury that decided the case met all constitutional requirements").

Moreover, "[t]here is no constitutional violation when the jury actually seated is composed of qualified and impartial jurors." State v. Jamison, 365 S.W.3d 623, 627 (Mo. App. E.D. 2012) (citing Gill, 167 S.W.3d at 194). Federal courts agree. See Storey v. Roper, No. 4:05-CV-2073 (JCH), 2008 WL 2518551 (E.D. Mo. June 16, 2008) (citing United States v. Martinez-Salazar, 528 U.S. 304, 307 (2000); United States v. Johnson, 495 F.3d 951, 965 (8th Cir. 2007)). Even where it can be shown that the venireperson was biased, "the use of a peremptory challenge to strike a juror that the trial judge erroneously refused to strike for cause is not a constitutional violation." Martinez-Salazar, 528 U.S. at 307.

---

[2] All statutory references are to RSMo. (2000), as supplemented, unless otherwise indicated.

Regardless of Venireperson Pavia's qualifications as a juror, she ultimately did not sit on the jury. Movant makes no claim in his Rule 29.15 Motion that his loss of the peremptory strike exercised to strike Venireperson Pavia resulted in one or more unqualified jurors who decided his case. Movant makes only the vague claim that as a result of the trial court's refusal to strike Venireperson Pavia for cause, it was "possible that irregularity pervaded all the proceedings that followed and that the verdict lacked validity because the jury was chosen under an error from . . . the outset," citing Powers v. Ohio, 499 U.S. 400, 412-13 (1991). Without specific factual allegations regarding the partiality of any jurors who actually decided his case, there is no basis in Movant's motion to believe that an appeal of this issue would have been successful.

On the basis of the facts alleged in Movant's Rule 29.15 Motion, any claim of trial error for refusing to strike Venireperson Pavia for cause would have been nonmeritorious. Appellate counsel cannot be deemed ineffective for failing to raise a frivolous claim of error on appeal. See Johnson v. State, 189 S.W.3d 640, 647 (Mo. App. W.D. 2006). Thus, Movant's motion fails to allege facts entitling him to relief on this claim. The motion court did not clearly err in denying this claim without an evidentiary hearing. Woolridge, 239 S.W.3d at 154. Point denied.

### Point II

Movant argues that the motion court clearly erred in denying his motion without an evidentiary hearing, because he adequately alleged unrefuted facts showing that his trial counsel was ineffective for failing to strike Venireperson Lomack peremptorily or for cause. We disagree.

To adequately allege ineffective assistance of trial counsel, Movant must show that his trial counsel's performance was deficient, and that he was prejudiced thereby. Deck v. State, 68 S.W.3d 418, 425 (Mo. banc 2002) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). Movant must overcome a "strong presumption that counsel provided competent assistance" and show that counsel's performance "fell below an objective standard of reasonableness." Id. at 425-26 (quoting Strickland, 466 U.S. at 688). In order to show prejudice, Movant must demonstrate that the outcome of his trial would have been different but for counsel's errors. Strickland, 466 U.S. at 694.

Movant alleged in his Rule 29.15 Motion that his trial counsel was ineffective for failing to strike Venireperson Lomack peremptorily or for cause, because her answers during *voir dire* evidenced an inability to be fair and follow the court's instructions. Generally, counsel's decisions regarding removal of jurors are matters of trial strategy. Boyd v. State, 86 S.W.3d 153, 158 (Mo. App. E.D. 2002). Jurors who are unable to follow the law and the court's instructions are unqualified to serve on juries. Section 494.470.2; Joy v. Morrison, 254 S.W.3d 885, 889 (Mo. banc 2008). However, "[m]ere equivocation is not enough to disqualify a juror. If the challenged venireperson subsequently reassures the court that he [or she] can be impartial, the bare possibility of prejudice will not deprive the judge of discretion to seat the venireperson." Joy, 254 S.W.3d at 890-91 (internal citations omitted).

The record conclusively refutes Movant's factual allegations regarding his claim that Venireperson Lomack should have been removed from the jury. During *voir dire*, Venireperson Lomack stated that she knew some victims of sexual molestation, including girls ages 13, 14, and 15. When asked if these relationships would affect her ability to be

6

fair, her response was, "I believe I could be fair." Movant's counsel questioned Venireperson Lomack further as follows:

> [DEFENSE COUNSEL]: Okay. And I hate to pin you down. We all believe we can be fair. The question is, can you put it behind you? . . . [I]f you're on a[n] airplane and all of a sudden . . ., the pilot says ladies and gentlemen, I think I can fly this plane today. Would you stay on the plane?
>
> VENIRE[PERSON] LOMACK: No.
>
> [DEFENSE COUNSEL]: See that's what I mean. We can't deal with I thinks. It's kind of a definitive thing in your gut. If you're thinking, you know what, maybe I can't, then it might be a safe decision if you—you believe that you can't[.] So you believe wholeheartedly you could?
>
> VENIRE[PERSON] LOMACK: I can. I can.

Venireperson Lomack later stated in response to a different question that her son had been accused of child molestation, but the charges were dropped. Movant's trial counsel asked if that would affect her ability to listen to the evidence in Movant's case, and she said no. Movant's trial counsel also asked whether Venireperson Lomack would be "overly sympathetic to one of the parties in this case," and she responded, "No."

While Venireperson Lomack's initial responses may have seemed equivocal, Movant's trial counsel made a point to follow up and solicit definite answers regarding Venireperson Lomack's ability to be fair. He even gave her the option to respond that she did not feel she could be fair. She stated unequivocally that she could. The same type of questioning took place after Venireperson Lomack responded that her son had been accused of child molestation, a fact that could have made her sympathetic to Movant. Movant's trial counsel made certain to secure a definite answer from Venireperson Lomack each time about her ability to be fair in light of her experiences.

7

A juror's qualification is based on the entirety of *voir dire*, rather than isolated answers. Joy, 254 S.W.3d at 891. The entirety of Venireperson Lomack's responses show that after discussing her experiences, she was unequivocal regarding her ability to be fair. In this light, the trial court would not have been required to remove her for cause, but would have retained discretion to allow her to sit on the jury. See id. at 890-91. We will not find counsel ineffective for failing to use a peremptory strike to remove a juror who was otherwise qualified, and Movant is not prejudiced by the presence of a particular qualified juror over another. See Ham v. State, 7 S.W.3d 433, 439-40 (Mo. App. W.D. 1999).

Thus, Movant's motion fails to allege unrefuted facts demonstrating that his trial counsel was ineffective, or that he was prejudiced thereby. The motion court did not clearly err in denying Movant's motion without an evidentiary hearing. Point denied.

## Conclusion

The judgment of the motion court is affirmed.

_____
Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concurs.
Robert G. Dowd, Jr., J., concurs.

8