

# In the Missouri Court of Appeals
## Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| DARYL DAVIS, | ) | No. ED101319 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the St. Louis |
| | ) | County Circuit Court |
| vs. | ) | |
| | ) | Honorable Ellen L. Siwak |
| STATE OF MISSOURI, | ) | |
| | ) | Filed:  February 3, 2015 |
| Respondent. | ) | |

### Introduction

Daryl Davis (Movant) appeals the denial of his Rule 29.15 motion for post-conviction relief.  Movant claims the motion court erred by denying his motion without an evidentiary hearing because Movant alleged facts showing that counsel's performance was ineffective for (1) failing to strike an allegedly sleeping juror and request the trial court to voir dire the jury regarding whether it was distracted by the sleeping juror and (2) failing to object, and to request an instruction that the jury disregard, the State's "direct reference" to Movant's right not to testify during closing argument.  According to Movant, but for counsel's deficient performance, there is a reasonable probability that he would not have been convicted.  We affirm.

### Factual Background

In July 1988, Movant broke into T.W.'s ground-floor apartment and raped her at knifepoint.  In November 1988, Movant broke into S.W.'s ground-floor apartment, told her he

had a knife, and raped her twice. After both assaults, the victim reported the rape and a rape kit was performed for each victim at St. Anthony's Hospital. The rape kits were sent to the St. Louis County Crime lab, where a forensic scientist tested swabs from the kits for biological evidence. Sperm was identified and the samples were retained for future testing. Approximately twenty years later, DNA testing of the DNA profile of the unknown male found on S.W.'s and T.W's vaginal swabs confirmed that Movant could not be excluded as the source of the male DNA.[1] Subsequently, a jury found Movant guilty of three counts of forcible rape. In 2011, the trial court entered a judgment consistent with the jury's verdict and sentenced Movant to three consecutive terms of life imprisonment. This Court affirmed Movant's convictions and sentences on direct appeal. *State v. Davis*, 365 S.W.3d 617 (Mo. App. E.D. 2012).

In July 2012, Movant filed a pro se Rule 29.15 motion for post-conviction relief. Thereafter, appointed counsel timely filed an amended motion alleging two allegations of ineffective assistance of counsel. First, Movant alleged that defense counsel rendered deficient performance by failing to strike Juror 9, who "everyone knew" was sleeping during trial, by failing to request the trial court to voir dire the other jurors, and that Movant was thereby prejudiced because he was deprived of a "distract-free verdict . . . ." Second, Movant alleged that defense counsel rendered deficient performance by failing to object to, and request either a mistrial or limiting instruction for, the State's remark during closing argument that directly referenced Movant's right not to testify, and that Movant was thereby prejudiced because the guilty verdict was likely inferred from his decision not to testify at trial.

The motion court denied Movant's motion without an evidentiary hearing. With respect to both claims, the motion court found that Movant failed to allege facts in support of his claims

---

[1] A forensic scientist testified that the estimated frequency of the DNA profile from the sperm found on both swabs in the African-American population was one in five quadrillion eight hundred sixty-five trillion.

and failed "to show" how he was prejudiced by counsel's performance or how his claims would have provided him with a viable defense. Movant appeals.

## Standard of Review

Our review of the denial of a Rule 29.15 post-conviction motion is limited to a determination whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Mullins v. State*, 262 S.W.3d 682, 684 (Mo. App. E.D. 2008).

## Discussion

In both points relied on, Movant alleges that the motion court erred by denying him an evidentiary hearing because he alleged facts showing that defense counsel's performance was deficient and that he thereby suffered prejudiced. To be entitled to an evidentiary hearing regarding a Rule 29.15 post-conviction motion for relief, the movant "must allege facts, not conclusions, which are not refuted by the record and [i]f true, entitle the movant to relief." *Cummings v. State*, 445 S.W.3d 648, 650 (Mo. App. E.D. 2014). "The matters complained of must have resulted in prejudice to the movant." *Id.*

As such, to be entitled to an evidentiary hearing for post-conviction relief based on a claim of ineffective assistance of counsel, a movant must allege facts, not refuted by the record, that "(1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) counsel's deficient performance prejudiced the movant." *Burnett v. State*, 311 S.W.3d 810, 817 (Mo. App. E.D. 2009). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "There is a strong presumption that counsel's conduct was reasonable and effective." *Gill v. State*, 300 S.W.3d 225, 232 (Mo. banc 2009).

*Point I: Juror Misconduct*

In his first point relied on, Movant alleges that the motion court erred by denying his motion without an evidentiary hearing because defense counsel's performance was ineffective for failing to strike Juror 9 who "everyone knew" was sleeping during the trial and for failing to request the trial court to voir dire the jury regarding whether the sleeping juror distracted them. According to Movant, but for defense counsel's errors, there is a reasonable probability that the allegedly sleeping juror would have been dismissed, the jury would not have been distracted by the sleeping juror, and Movant would not have been convicted. In response, the State argues that the motion court did not clearly err by denying Movant's post-conviction motion because counsel's performance was not deficient and Movant failed to allege facts warranting relief.

During trial, the trial court initially made the parties aware that it had observed Juror 9 "nodding [off] a little bit." Specifically, the trial court informed counsel at a bench conference that it did not actually see Juror 9 sleeping, but that it had had the bailiff pass the juror some water and would "just keep [an] eye out." At a later bench conference, the trial court informed counsel that Juror 9 had passed the bailiff a note indicating that it was difficult for him to stay awake during the proceedings. The trial court told counsel, that although it had not seen Juror 9 sleeping, it would continue to monitor the juror. The State and defense counsel agreed that the juror should remain on the jury, given that two alternate jurors were presently on the panel, but that Juror 9 could be removed by motion of either party and replaced with one of the alternate jurors before submission of the case. After closing argument, defense counsel moved to remove

4

Juror 9 and the State agreed. The trial court granted the motion by consent and an alternate juror was sent to deliberate.

Under these circumstances, Movant's allegation that defense counsel's performance fell below objective standards of reasonableness is refuted by the record. Given that the trial court indicated that it would monitor Juror 9, that it was unclear whether Juror 9 had actually fallen asleep, and that two alternates were available to replace the juror in the instance either party moved to remove Juror 9 after submission of the case, it was not unreasonable for defense counsel not to immediately move to strike the juror. This is especially so because there is no factual support in the record that Juror 9 distracted the other jurors as to affect the jury's verdict. Indeed, defense counsel's decision not to immediately strike Juror 9 and request a voir dire of each remaining juror indicates a sound trial decision not to bring attention to the allegedly sleeping juror that would draw the jury's attention away from the evidence being presented. While Movant vigorously asserted in his amended motion that a reasonably competent defense counsel would have immediately moved to strike the sleeping juror and to voir dire the remaining jurors, Movant did not allege specific facts to rebut the strong presumption that counsel's decision to wait until after closing argument to strike the juror was a matter of sound trial strategy. *See Gill*, 300 S.W.3d at 232.

Moreover, even if Movant could establish that counsel's decision not to immediately strike Juror 9 was unreasonable, Movant has not pleaded facts that would permit a finding of prejudice. In his amended motion, Movant asserted that if he had been allowed to contact the jurors, he anticipated that one or more of them would testify that they knew Juror 9 was sleeping and that he was thereby prejudiced because he was deprived of a "distract-free verdict by twelve

5

impartial jurors . . . ."[2]  This allegation does not state sufficient facts to support a finding of prejudice.  Rather, Movant's assertion in this regard is a conclusory statement that assumes Juror 9's conduct affected the verdict without explaining what specific evidence the jurors missed due to Juror's 9 conduct.  *See Vann v. State*, 26 S.W.3d 377, 380 (Mo. App. S.D. 2000) (mere fact of sleeping juror does not automatically establish prejudice, as a movant must allege facts as to the specific evidence that was missed).  A movant must come forward with facts, not mere conclusory allegations, in order to support a post-conviction motion.  *See Cummings*, 445 S.W.3d at 650.  Movant failed to meet this burden.

Having reviewed the record, we conclude that Movant failed to allege unrefuted facts that counsel's performance was defective and caused prejudice to Movant as to entitle Movant to an evidentiary hearing.  Accordingly, because Movant failed to sufficiently allege unrefuted facts to support his claim, the motion court did not err by denying Movant's post-conviction motion based on this ground.  Point I denied.

*Point II: Comments During Closing Argument*

In his second point relied on, Movant alleges that the motion court erred by denying his motion without an evidentiary hearing because defense counsel's performance was ineffective for failing to object to, and either request a mistrial or curative instruction for, the State's "direct reference" to Defendant's right not to testify during closing argument.  Specifically, Movant asserts defense counsel failed to object on this ground when the State asked "where [Movant] was and stat[ed] that there was no evidence presented that [Movant] was somewhere other than in that apartment . . . ."  According to Movant, had counsel objected and requested a mistrial or

---

[2] Movant raises an additional argument in his brief on appeal, arguing that he anticipated that one or more jurors would testify that they were also affected by Juror 9's conduct.  However, in an action under Rule 29.15, "any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal." *Johnson v. State*, 333 S.W.3d 459, 471 (Mo. banc 2011) (citation and quotations omitted).  In any case, we note that nothing in the record indicates that Juror 9 distracted the other jurors as to affect the jury's verdict.

limiting instruction, there would be a reasonable probability that the jury would not have convicted Movant. In response, the State asserts that an objection by defense counsel in this regard would have been meritless because the State's remarks during closing argument were neither direct nor indirect references to Movant's right not to testify.

"The Fifth Amendment to the United States Constitution, Article I, section 18 of the Missouri Constitution, section 546.270, RSMo 1994, and Supreme Court Rule 27.05(a) grant criminal defendants the right not to testify and forbid comments by either party concerning the exercise of that right." *State v. Barnum*, 14 S.W.3d 587, 591 (Mo. banc 2000). Accordingly, it is error for counsel to allude, directly or indirectly, to a defendant's failure to testify. *Id*. at 592. Such references violate the defendant's rights not to testify and freedom from self-incrimination by "focusing the jury's attention upon a defendant's failure to testify." *Id*. at 591-92; *see State v. O'Neal*, 353 S.W.3d 433, 435 (Mo. App. E.D. 2011). In considering whether a remark improperly references a defendant's right against self-incrimination, this Court is to consider the comment in context. *O'Neal*, 353 S.W.3d at 435. A direct reference will include words such as "testify," "accused," or "defendant," or their equivalent, whereas an indirect reference is a statement "reasonably apt to direct the jury's attention to the defendant's failure to testify," *State v. Stites*, 266 S.W.3d 261, 269 (Mo. App. S.D. 2008) (citation omitted), and is made with a "calculated intent to magnify [the defendant's] decision . . . ," *State v. Neff*, 978 S.W.2d 341, 344 (Mo. banc 1998).

Here, the State made the following comments during closing argument:

> [Movant's] allegation is that we put his sperm on there. It is ridiculous. It is ridiculous. Our evidence is uncontradicted and uncontroverted that he was in [S.W.'s] apartment raping her twice. Uncontradicted, uncontroverted that he was in [T.W.'s] apartment raping her. You can't be in two places at once. DNA proves he was there.

7

If he wasn't there in their apartment raping them, where was he? There's been no evidence presented he was somewhere other than in that apartment raping both of these women.

Defense counsel objected on the basis that the State had improperly shifted the burden of proof. At a bench conference, the State explained to the trial court that it was "not addressing who [Movant] put on or didn't put on . . . [but] point[ing] out the fact that there is no evidence to support [Movant's] argument." The trial court agreed with the State that its argument did not shift the burden of proof and overruled defense counsel's objection.

In considering Movant's claim, the motion court found that the "State's closing argument was not an improper reference, nor a direct reference, to Movant's failure to testify" and that the trial court would not have sustained such an objection or granted a mistrial on that basis. Accordingly, the motion court found that Movant had failed to plead sufficient facts to support his motion, or show how he was prejudiced, and ultimately denied relief on this ground.

Having reviewed the record, we cannot conclude that the motion court's findings were clearly erroneous. The State's remark—"[t]here's been no evidence presented he was somewhere other than in that apartment raping both of these women"—is not a direct reference to Movant's right not to testify. Plainly, the State's comment did not include specific reference to Movant's right against self-incrimination through the use of words like "testify," "accused," or "defendant," or their functional equivalent. *See Stites*, 266 S.W.3d at 269. Rather, when considered in context, it is clear that the State's argument was intended to direct the jury's attention to the lack of any evidence that Movant was not the rapist. As such, the State's comments are also not an indirect reference to Movant's right against self-incrimination. In no way does the State's comment implicate Movant's right not to provide testimony in his defense or evince a "calculated intent to magnify" Movant's decision not to testify. *Neff*, 978 S.W.2d at

8

344. In other words, the State's commentary on the lack of evidence supporting Movant's theory of the case is not "reasonably apt to direct the jury's attention to the defendant's failure to testify," *Stites*, 266 S.W.3d at 269, and Movant cites no other factual support indicating otherwise. *See State v. White*, 291 S.W.3d 354, 360 (Mo. App. S.D. 2009) (comments on a defendant's failure to offer evidence and comments indicating that the evidence is "uncontroverted" or "uncontradicted" are not direct or indirect references to the defendant's failure to testify).

Because the State did not improperly reference Movant's right not to testify during its closing argument, any objection on this basis would have been futile and a request for a curative instruction or mistrial would not have been granted. Counsel does not render ineffective assistance by failing to raise a meritless objection or to make a meritless motion. *See Middleton v. State*, 103 S.W.3d 726, 741 (Mo. banc 2003). Under these circumstances, Movant failed to allege unrefuted facts that counsel's performance fell below objective levels of reasonableness.

Further, even assuming counsel's performance was deficient, Movant did not establish prejudice. This is because, even if defense counsel had objected, there is no reasonable probability that the result of the trial would have been different. *See Strickland*, 466 U.S. at 694. The evidence against Movant was overwhelming and uncontroverted. Mainly, DNA testing of the DNA profile of the unknown male found on S.W.'s and T.W's vaginal swabs confirmed that Movant could not be excluded as the source of the male DNA and no evidence supported that Movant was not the rapist.

In sum, because Movant failed to allege unrefuted facts that defense counsel rendered deficient performance by failing to object to the State's closing argument and that Movant was

9

thereby prejudiced, this claim lacks merit.  The motion court did not clearly err by denying

Movant's post-conviction motion on this ground.  Point II denied.

### Conclusion

The judgment of the motion court is affirmed.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.