

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| KENITH R. WILSON, | ) | No. ED103281 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 14SL-CC03549 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Richard C. Bresnahan |
| | ) | |
| Respondent. | ) | FILED:  August 16, 2016 |

### OPINION

Kenith Wilson ("Movant") appeals from the motion court's entry of judgment denying, after an evidentiary hearing, his amended Rule 29.15 motion for post-conviction relief. Because the motion court did not conduct an independent abandonment inquiry, we reverse and remand.

### Procedural Background

We begin with the case's procedural background, since Movant's amended Rule 29.15 motion was untimely filed and post-conviction deadlines play "an important role in the orderly presentation and resolution of post-conviction claims." Price v. State, 422 S.W.3d 292, 297 (Mo. banc 2014). After a jury trial in October 2012, Movant was found guilty of one count of first degree robbery (in violation of Section 569.020, RSMo 2000[1]) and one count of armed criminal action (Section 571.015). On November 9, 2012, the trial court sentenced Movant, as a prior

---

[1] All further statutory references are to RSMo 2000.

offender, to twenty-five years' imprisonment. Movant took a direct appeal, and this court affirmed the trial court's judgment. See Wilson v. State, 437 S.W.3d 830 (Mo. App. E.D. 2014). Our mandate issued on August 5, 2014.

Pursuant to Rule 29.15, which allows a convicted offender to challenge his conviction or sentence after trial, Movant filed a *pro se* motion on October 3, 2014. On either October 22 or October 23, 2014, the motion court appointed the public defender to represent Movant.[2] Movant's first post-conviction attorney entered her appearance on November 13, 2014, and filed a concomitant motion for a 30-day extension of time. The motion court granted the continuance.

On December 22, 2014, Movant's appointed counsel moved to withdraw her representation and for another 30-day continuance. The motion court granted both motions, and a second public defender filed her appearance on January 6, 2014. Movant's second attorney immediately moved to "clarify" the deadline for the amended Rule 29.15 motion, and asked that the trial court set a deadline 90 days from the date she was appointed. The motion court granted the motion and set a new deadline: March 31, 2015. Movant's second attorney filed an Amended Rule 29.15 motion on that day.

Discussion

As noted above, the time limits for filing a Rule 29.15 motion for post-conviction relief are mandatory. Eastburn v. State, 400 S.W.3d 770, 773 (Mo. banc 2013). Failing to abide by the Rule's confines generally functions as a complete waiver. Id.; see also Harper v. State, 404 S.W.3d 378, 385 (Mo. App. S.D. 2013) ("[W]here a post-conviction motion is untimely filed, the

---

[2] The handwritten date on the October order is October 23, but it is file stamped October 22. As discussed below, the precise date of the order is immaterial because the last day Movant's amended motion could have properly been submitted was in January 2015. It was not filed until March 31, 2015.

motion court has no authority to consider it, and it must be dismissed."). The proscription against late post-conviction relief motions is found in Rule 29.15(g), which provides in pertinent part:

> . . . If an appeal of the judgment sought to be vacated, set aside, or corrected is taken,[3] the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate counsel is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of the movant. *The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.*

Rule 29.15(g) (emphasis here).

However, the Supreme Court of Missouri has recognized a narrow exception to Rule 29.15's deadlines. When post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the Rule 29.15(g) deadline can constitute "abandonment" of the movant. Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). Abandonment by appointed counsel extends the time limitations for filing an amended Rule 29.15 motion. Id. While Movant does not address the issue of abandonment, the State's position is that this court should either affirm the motion *or* remand to the trial court for an abandonment inquiry.

Even if the State had not raised the abandonment issue, we are duty-bound to address it. Price v State, 422 S.W.3d 292, 297 (Mo. banc 2014); Lomax v. State, 471 S.W.3d 358, 359 (Mo. App. E.D. 2015). If post-conviction counsel untimely filed an amended Rule 29.15 motion and the motion court did not conduct an independent inquiry into abandonment, then we must remand the case to the motion court for such an inquiry. Miller v. State, 478 S.W.3d at 533–34 (Mo. App. E.D. 2015). "The motion court is the appropriate forum to conduct such an inquiry." Moore, 458 S.W.3d at 826.

---

[3] A separate deadline is in place for post-conviction motions where no appeal of the judgment is taken. Rule 29.15(g).

Here, it is clear that Movant's amended Rule 29.15 motion was untimely filed. The motion court appointed counsel for Movant on October 22 or October 23, 2014, thereby starting Rule 29.15(g)'s initial 60-day clock. See Stanley v. State, 420 S.W.3d 532, 540 (Mo. banc 2014) ("[T]he effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance."). Whether the clock started on October 22 or 23 is irrelevant: sixty days from October 22 was Sunday, December 21, so in either case the amended motion was due Monday, December 22, 2014. As is permissible under Rule 29.15(g), Movant's first post-conviction attorney secured a 30-day extension, moving the deadline to January 21, 2015.

Any subsequent continuances were beyond the motion court's power to grant, and Movant's amended motion was not filed until March 31, 2015. Our Supreme Court has made clear that one and only one extension of the deadline is permissible: other than the 30-day extension allowed in Rule 29.15(g), a "motion court has *no authority* to extend [the] time limit for filing an amended motion." Stanley, 420 S.W.3d at 541. In Stanley, as in this case, the post-conviction movant was appointed one attorney from the public defender's office who later withdrew. Id. at 539–40. The motion court's appointment of a second post-conviction public defender did not restart the Rule 29.15(g) clock: "[t]he date of first appointment of counsel controls the time for filing an amended motion, regardless of whether the court later appoints new counsel or allows new counsel to enter an appearance." Id. at 540–41.

Movant's March 2015 amended motion was therefore untimely, and the motion court did not conduct an independent abandonment inquiry. As the Supreme Court did in Moore, we reverse the judgment of the motion court and remand for a determination of whether abandonment occurred.

<u>Conclusion</u>

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Mary K. Hoff, Judge

Robert M. Clayton III, Presiding Judge and Lisa P. Page, Judge, concur.