

# In the Missouri Court of Appeals
## Eastern District
DIVISION THREE

| | | |
|---|---|---|
| MONTEZ THOMAS, | ) | No. ED104261 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. Robert S. Cohen |
| STATE OF MISSOURI, | ) | |
| | ) | FILED: |
| Respondent. | ) | December 20, 2016 |

Montez Thomas ("Movant") appeals from the judgment denying his Rule 24.035 motion without a hearing. We reverse and remand.

We are compelled under Moore v. State to examine the timeliness of amended motions in each post-conviction case on appeal, even if the issue is not raised by either party. 458 S.W.3d 822 (Mo. banc 2015). Rule 24.035(g) provides that where, as here, no appeal of the judgment sought to be vacated, set aside or corrected is taken, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." The court has authority to grant *one* thirty-day extension under Rule 24.035(g).

Here, Movant timely filed a pro se motion, and the court appointed "the appellate public defender" on May 12, 2015. An attorney from the public defender's post-conviction "office B"

entered his appearance and was granted an additional thirty days to file the amended motion. The transcript of the guilty plea and sentencing were not filed in the trial court until July 7, 2015. Thus, the amended motion was due on or before October 5, 2015.

On September 25, 2015, appointed counsel filed a motion asserting that "[a]fter an initial review of the transcripts and case files," he discovered a conflict of interest in his representation of Movant because he also represented Movant's co-defendant. It appears counsel had entered his appearance in the co-defendant's appeal on July 2, 2015. He moved to withdraw from Movant's case and also sought to have the original order of appointment vacated so that an attorney from a different public defender's office could be appointed. He also asked for another thirty-day extension of time for new counsel to file an amended motion. On September 29, 2015, the court entered an order as follows: counsel was allowed to withdraw and the case was reassigned to "another" public defender; the previous order of appointment was vacated; the court "reappointed" the public defender's post-conviction "office A"; and an additional thirty-day extension was granted. Believing she had 90 days from the date of the new appointment order, new counsel filed the amended motion on December 28, 2015. The court denied that motion without an evidentiary hearing or any discussion of the timeliness of the amended motion.

Contrary to the impression the court and counsel appear to have been under, the withdrawal and transfer of a post-conviction case from one office of the public defender to another due to a conflict of interest does not affect the time limits for filing an amended motion. State v. Isaiah, 874 S.W.2d 429, 435 (Mo. App. W.D. 1994) (citing State v. Hill, 808 S.W.2d 882, 893 (Mo. App. E.D. 1991)). It was the appointment of the office of the public defender—not the individual attorney—that triggered the time periods in the post-conviction rules. See Hill, 808 S.W.2d at 893. Thus, the time period for filing the amended motion did not begin anew when one lawyer

2

withdrew and a different lawyer entered an appearance. See State v. White, 873 S.W.2d 590, 595-96 (Mo. banc 1994) (second appointed counsel's amended motion filed days after deadline not timely). Nor did the rescission of an original appointment order and new order of appointment restart the time periods set forth in Rule 24.035 or otherwise relieve the public defender's office of its duties under Rule 24.035(e). Vogl v. State, 437 S.W.3d 218, 229-30 (Mo. banc 2014) (appointed counsel's request, whether characterized as motion to rescind appointment or motion to withdraw, did not relieve counsel of duties under Rule 24.035). Moreover, the grant of an additional thirty-day extension was clearly prohibited by the rule. See White, 873 S.W.2d at 595 (by granting second counsel's request for extension of time after first counsel already received extension, motion court exceeded its jurisdiction).

Under these circumstances, the amended motion remained due on October 5, 2015, even after new counsel was appointed, and the motion filed in December of 2015 was untimely. Because the motion court did not conduct an independent inquiry into abandonment, we must remand to the motion court for such inquiry. Moore, 458 S.W.3d at 826. It is our duty to enforce the mandatory timelines in the post-conviction rules, but "the motion court is the appropriate forum to conduct such an inquiry" into abandonment.[1] Id. The result of that inquiry will determine which motion—the pro se or the amended motion—the court should adjudicate. Id. Because the motion court did not already adjudicate the claims in the pro se motion, remand in this case is not pointless. See id. at 826, n3.

---

[1] We do note, however, that "[a]n attorney should not withdraw so close to the filing date that the second counsel has insufficient time to meet all the requirements of [the Rule]." White, 873 S.W.2d at 597. While the conflict of interest may not have been reasonably discoverable until July of 2015 (when counsel began representing Movant's co-defendant) it is unclear what caused the two-month delay in reporting the conflict to the court on September 25, 2015—just ten days before the amended motion was due.

3

The judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

_____

ROBERT G. DOWD, JR., Judge

Angela T. Quigless, P.J. and
Lisa S. Van Amburg, J., concur.

4