

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| COY CONAWAY, | ) | No. ED104130 |
| | ) | |
| Movant/Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| vs. | ) | of St. Louis County |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Robert S. Cohen |
| | ) | |
| Respondent. | ) | FILED:  December 20, 2016 |

**OPINION**

Coy Conaway (Movant) appeals from the judgment of the circuit court denying, without an evidentiary hearing, his Rule 29.15 motion for post-conviction relief.  We reverse and remand for an inquiry whether Movant was abandoned by counsel.

A jury convicted Movant of first-degree robbery and armed criminal action, for which the trial court imposed a sentence of fourteen years in prison.  This court affirmed the judgment and sentence pursuant to Rule 30.25(b).  State v. Conaway, 462 S.W.3d 472 (Mo. App. E.D. 2015). Movant then sought post-conviction relief claiming that his trial counsel was ineffective for failing to object to certain hearsay testimony by two witnesses and to certain statements by the prosecution during closing arguments. The motion court denied relief without an evidentiary hearing, and Movant appeals.

As a threshold matter, however, the State submits that the judgment must be reversed and the case remanded to the motion court for an inquiry whether Movant's counsel abandoned him

by filing an amended Rule 29.15 motion out of time.  The procedural chronology relevant to that question is as follows.

Movant filed a *pro se* motion for post-conviction relief February 28, 2014.  The motion court appointed the public defender on March 28.  Counsel entered his appearance and requested a 30-day extension, which the court granted April 11. Movant filed a late notice of appeal before this court June 4. The post-conviction case was continued pending that appeal. This court affirmed Movant's conviction and sentence May 26, 2015, and issued its mandate June 19.  On August 18, post-conviction counsel moved to withdraw due to a conflict of interest.  On August 19, the court re-appointed the public defender's office and granted another 30-day extension to file an amended motion. Replacement counsel entered her appearance September 1 and filed an amended motion November 16.

As pertinent here, Rule 29.15(g) states:

> If an appeal … is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate counsel is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of the movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

"The effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance."  Wilson v. State, 495 S.W.3d 827, 830 (Mo. App. E.D. 2016), citing Stanley v. State, 420 S.W.3d 532, 540 (Mo. 2014).

Here, the effective date of the appointment of counsel was March 28, 2014, when the motion court first appointed the public defender; thus, the 90-day clock started to run when this court issued its mandate June 19, 2015. Accordingly, the deadline for filing Movant's amended Rule 29.15 motion was September 17, so the motion filed November 16 was untimely. "Our

2

Supreme Court has made clear that one and only one extension of the deadline is permissible." Wilson, 495 S.W.3d at 830. "A motion court has no authority to extend this time limit." Stanley, 420 S.W.3d at 541.

We acknowledge the practical hardship of this proscription given the Public Defender's crushing caseload and the resultant emergencies assailing its lawyers on a daily basis. Replacement counsel here had just two weeks to examine Movant's case and prepare an amended motion – this in addition to her existing workload and related urgencies. In this context, the motion court's extension was well-intended. As a matter of law, however, the extension was "beyond the motion court's authority to grant." Wilson, 495 S.W.3d at 830. Therefore, we must conclude that Movant's motion was untimely.

The motion court's judgment on the merits is reversed, and the case is remanded to allow the motion court to conduct an independent inquiry into whether Movant was abandoned by appointed counsel, and for further proceedings consistent with the outcome of that inquiry.

_____
Lisa Van Amburg, Judge


Angela T. Quigless, P.J., and
Robert G. Dowd, Jr., J., concur.