(SEAL)    VERLE A. ORMSBY NOTARY PUBLIC
NOTARY SEAL GREENE COUNTY
STATE OF MISSOURI
MY COMMISSION EXPIRES 01-04-06

My commission expires: __01/04/2006__

AFTER RECORDING RETURN TO:    David G. Denny
11014 W. Farm Road 178
Republic, MO 65738

**Terrell Eugene PRINE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 34603**

Missouri Court of Appeals,
Southern District,
Division Two.

FILED: September 25, 2017

Appellant's attorney: Natalie T. Hull.

Respondent's attorneys: Joshua D. Hawley, Atty. Gen., and Shaun J. Mackelprang, Asst. Atty. Gen.

DANIEL E. SCOTT, J.

Terrell Prine appeals from a denial of Rule 29.15 post-conviction relief.[1] Because we cannot meaningfully distinguish this case's procedural sequence from that in **Thomas v. State**, 513 S.W.3d 370 (Mo. App. 2016), we must reverse and remand as in **Thomas** and cases cited therein.

Following Prine's timely *pro se* motion, the court appointed "the Appellate/PCR Office of the State Public Defender" on May 4, 2015, and granted 60 days to file an amended motion. Rule 29.15(g). The public defender who entered his appearance moved to withdraw and for reappointment of counsel one day before the amended motion was due,[2] citing a conflict of interest. Four days later, the court granted counsel's motion and purported to allow 90 additional days for new counsel to file an amended motion. New counsel later entered the case and filed an October 2015 amended motion that the court ultimately denied. *Cf.* **Thomas**, 513 S.W.3d at 371-72 (describing a similar sequence and citing numerous cases requiring reversal and remand for the motion court to conduct an abandonment inquiry in such circumstances per **Moore v. State**, 458 S.W.3d 822, 824-26 (Mo. banc 2015)).

---

1. Rule references are to Missouri Court Rules (2015).

2. At that time, Rule 29.15(g) provided appointed counsel 60 days to file an amended motion, a deadline that the court could extend "for one additional period not to exceed 30 days." The record reflects no such extension and the parties agree that the amended motion was due July 3, 2015.

Rule 29.15 time limits are mandatory. *Wilson v. State*, 495 S.W.3d 827, 829 (Mo. App. 2016). Citing controlling precedent (*Stanley v. State*, 420 S.W.3d 532 (Mo. banc 2014)), the *Wilson* court continued:

> In *Stanley*, as in this case, the post-conviction movant was appointed one attorney from the public defender's office who later withdrew. [420 S.W.3d] at 539-40. The motion court's appointment of a second post-conviction public defender did not restart the Rule 29.15(g) clock: "[t]he date of first appointment of counsel controls the time for filing an amended motion, regardless of whether the court later appoints new counsel or allows new counsel to enter an appearance." *Id.* at 540-41.

*Wilson*, 495 S.W.3d at 830.

An untimely amended motion raises a presumption of abandonment that the motion court is duty bound to resolve after inquiry. *Moore*, 458 S.W.3d at 825.[3] "The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate." *Id.* at 826.

We reverse and remand for the motion court to conduct a *Moore* abandonment inquiry and for further proceedings consistent with Rule 29.15. Prine's points on appeal are denied as moot.

NANCY STEFFEN RAHMEYER, C.J./P.J.—CONCURS

WILLIAM W. FRANCIS, JR., J.—CONCURS

---

3. We are unpersuaded by the parties' suggestions that we may infer an abandonment finding from the court's grant of counsel's motion to withdraw and reappointment of counsel. *Cf. Hewitt v. State*, 518 S.W.3d 227, 231 n.9 (Mo. App. 2017) ("The State provides no authority for its position that reappointment of counsel is a de facto finding of abandonment and we are aware of none.").