

# Missouri Court of Appeals

## Southern District

### Division Two

BRANDEN SLAVENS,           )
                           )
              Appellant,   )
                           )
    vs.                    )        No. SD35379
                           )        Filed:  February 7, 2019
STATE OF MISSOURI,         )
                           )
              Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Circuit Judge

## REVERSED AND REMANDED

Branden Slavens ("Slavens") appeals the denial, after an evidentiary hearing, of his amended Rule 24.035[1] motion to set aside his convictions for first-degree burglary, first-degree robbery, first-degree assault, armed criminal action, felonious restraint, third-degree assault, and two counts of first-degree tampering with a motor vehicle.

In the timeliness statement in his brief, Slavens suggests that this case must be remanded to the motion court for an abandonment inquiry.  The State agrees in its brief.  We reverse and

---

[1] All rule references are to Missouri Court Rules (2018).

remand pursuant to the direction in ***Thomas v. State***, 513 S.W.3d 370 (Mo.App. E.D. 2016), and ***Prine v. State***, 527 S.W.3d 930 (Mo.App. S.D. 2017).

Slavens entered guilty pleas to all charges on August 8, 2014. He was sentenced and delivered to the Missouri Department of Corrections on April 15, 2015. Slavens timely filed a *pro se* Rule 24.035 motion on September 24, 2015. The hearing court appointed counsel to represent Slavens on September 25, 2015. Stephen Harris ("Harris") entered his appearance as counsel for Slavens on October 1, 2015, and was granted an additional thirty days to file the amended motion. The guilty plea and sentencing transcripts were filed on October 30, 2015, making the amended motion due on January 28, 2016.

On November 23, 2015, Harris filed a motion to withdraw and requested re-appointment of counsel due to a conflict of interest. On December 3, 2015, the hearing court sustained Harris's motion to withdraw, re-appointed counsel, and granted a thirty-day extension of time, for a total of 90 days to file the amended motion. Newly appointed post-conviction counsel entered an appearance on December 8, 2015, but did not file an amended motion until March 2, 2016.

This case presents the same issue regarding timeliness as appeared in ***Prine*** *infra*. In this case, as in ***Prine***, the public defender originally assigned to represent Slavens moved to withdraw from the case and requested re-appointment of counsel for Slavens. 527 S.W.3d at 931. The hearing court in ***Prine*** granted counsel's motion and "purported to allow 90 additional days for new counsel to file an amended motion." ***Id.***

As this Court explained in ***Prine***, the appointment of a second post-conviction public defender did not restart the clock for the filing of the amended motion. ***Id.*** at 932. Rather, this Court held that "[a]n untimely amended motion raises a presumption of abandonment that the motion court is duty bound to resolve after inquiry." ***Id.*** (citing ***Moore v. State***, 458 S.W.3d 822,

2

825 (Mo. banc 2015). In this case, the motion court failed to conduct an abandonment inquiry, though required to do so.

We reverse and remand for the motion court to conduct a *Moore* abandonment hearing, and for such further proceedings as warranted by Rule 24.035. Slavens' points on appeal are denied as moot and will not be addressed.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS