

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| RALPH H. CATO, | ) | No. ED106996 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Paula P. Bryant |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: August 13, 2019 |

### Introduction

Ralph Cato (Movant) appeals the motion court's judgment denying his Rule 29.15 motion for post-conviction relief after an evidentiary hearing.[1] He contends the motion court clearly erred in denying his claim of ineffective assistance of counsel because defense counsel failed to make an offer of proof regarding the victim's alleged gang membership and marijuana dealing. We affirm.

### Background

In November 2014, a jury convicted Movant of murder in the first degree, two counts of assault in the first degree, and three counts of armed criminal action stemming from a 2013

---

[1] All rule citations are to Missouri Supreme Court Rules (2016) unless otherwise indicated.

shooting in the City of St. Louis. The evidence viewed in the light most favorable to the judgment shows the following:[2]

In May or June 2013, Movant became reacquainted with his former classmates and victims, Charles Moorehead (Decedent) and Johnathon Robinson. Mr. Robinson sold marijuana to Movant. They had a verbal dispute over a marijuana sale. Later, in early July 2013, Movant saw Robinson and Decedent at a gas station. Movant got into a fist fight with Robinson resulting in minor injuries. Movant then told Robinson he would get a "chopper," which Robinson testified meant a pistol.

On July 16, 2013, Robinson was at Decedent's home. Decedent showed Robinson a photo Movant had posted to Facebook of himself with a gun in his waistband. Robinson took the photo as a threat. Later in the day, Robinson, Decedent, and Decedent's cousin Kenyatia Eddy were sitting on the front porch. A man with a gun, later identified as Movant, came out of the alley and shot multiple times injuring Robinson and killing Decedent. Eddy escaped the gun fire. Both Robinson and Eddy identified Movant as the shooter.

At trial, Decedent's mother Dana Dodson testified July 16th was her son's first day off from his new job as a lifeguard and when she arrived on the scene:

> It looked like he was asleep. And I knew then while they say they was waitin' on the ambulance, I knew in my heart that he was gone. I just couldn't understand what brought that on. I mean, I was just talkin' to him. He never been in no trouble. He never had a record. He hadn't been fingerprinted at all other than a Metrolink stop that happened when he was in the ninth grade. He never been in trouble. He never been a problem to me or my family.

Defense counsel Matt Waltz believed Dodson's testimony opened the door to evidence of Decedent's character.[3] He gave a verbal narrative to the court about evidence that would show Decedent had a "gang life" tattoo, possessed marijuana that day, and was dealing marijuana at

---

[2] *See McFadden v. State*, 553 S.W.3d 289, 296 n.2 (Mo. banc 2018).
[3] A motion *in limine* precluded evidence about prior bad acts by Decedent.

2

the time of his death. The court found Dodson's testimony did not open the door. Decedent's character evidence was excluded.

The jury convicted Movant on all six counts. On January 7, 2015, he was sentenced to life without parole on Count I, murder in the first degree.[4] Movant appealed, claiming the trial court abused its discretion in overruling objections (1) to a photo of Movant with a gun admitted into evidence and (2) to the State's closing argument that Movant sought out the two victims. This Court affirmed the judgment and sentence on April 20, 2016.

Movant timely filed his *pro se* motion for post-conviction relief under Rule 29.15 on July 11, 2016. The motion court appointed counsel for Movant on July 28, 2016. Then 152 days after counsel was appointed, counsel untimely filed the Amended Motion on December 27, 2016.

At the evidentiary hearing on March 20, 2018, Waltz testified the defense strategy at trial was mistaken identification and alibi. He stated a partial defense could have been a disgruntled gang member or marijuana customer shot Decedent. Dodson testified her son was not in a gang and did not deal drugs. She also reported she was not on Facebook and did not know what was on Facebook about her son. The court found Movant's trial counsel was not ineffective for failing to make an adequate offer of proof regarding the character of the victim because it did not prejudice Movant and the evidence was not admissible.[5] The motion court entered its findings of fact and conclusions of law denying the Amended Motion on July 6, 2018. This appeal followed.

---

[4] Movant also received concurrent terms of imprisonment of thirty years (Count III), twenty years (Counts II, IV, and VI), and fifteen years (Count V).

[5] The motion court also made the following findings not raised in this appeal: (1) appellate counsel was not ineffective for failing to appeal the trial court's denial of cross-examination of the victim's mother; (2) appellate counsel was not ineffective for failing to appeal the admission of a Facebook post based on a lack of foundation; and (3) trial counsel was not ineffective for failing to advise Movant he could enter an Alford plea to second degree murder.

Discussion

## I.     Abandonment Inquiry

Before reaching the merits, we must address the timeliness of the Amended Motion. *See Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018). "If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion or statement in lieu of an amended motion shall be filed within 60 days of the earlier of the date both a complete transcript of the trial and sentencing hearing has been filed in the trial court and: (1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 29.15(g). Here, the mandate was issued on April 20, 2016, and the motion court appointed counsel for Movant on July 28, 2016 and granted a thirty-day extension to file an amended motion. Due to a conflict of interest, counsel was reappointed on September 28, 2016, and the motion court granted an additional thirty-day extension.[6] The Amended motion was untimely filed 152 days later on December 27, 2016.

The filing deadlines for post-conviction relief cannot be waived. *Watson*, 536 S.W.3d at 717. "The withdrawal and transfer of a post-conviction case from one office of the public defender to another due to a conflict of interest does not affect the time limits for filing an amended motion." *Thomas v. State*, 513 S.W.3d 370, 371 (Mo. App. E.D. 2016) (remanded for abandonment inquiry). Because of the untimely filing, an independent inquiry is required to determine if abandonment occurred. *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015).

The appropriate forum to address abandonment of counsel is the motion court. *Id*. at 494. If the motion court finds inattention of counsel resulted in filing the untimely amended motion and movant is free from responsibility for the untimely filing, the court shall permit the filing. *Id*.

---

[6] The applicable version of Rule 29.15(g) only allowed one thirty-day extension, but the Amended Motion was filed thirty-two days after the unauthorized extension.

4

"The method of making this inquiry is left to the discretion of the trial court, but a sufficient record must be made to demonstrate on appeal the motion court's determination on the abandonment issue is not clearly erroneous." *Lampkin v. State*, 560 S.W.3d 67, 71 (Mo. App. E.D. 2018).

Here, the motion court made an independent inquiry *sua sponte* after holding an evidentiary hearing and reviewing each party's suggestions in support of or in opposition to the Amended Motion. In its conclusions of law, the motion court explained the law regarding time limits for filing and found the reasons for the untimely filing to be the delayed discovery of a conflict of interest within the Public Defender's office and a misunderstanding of the strict time limit. The court concluded the Amended Motion was filed untimely through no fault of the Movant so it addressed the Amended Motion on the merits. In its findings of fact and conclusions of law, the motion court made a sufficient record for us to review abandonment. We find the motion court did not clearly err in finding Movant was abandoned by counsel.

## II.     Standard of Review

Under Rule 29.15, appellate review of the motion court's judgment is limited to whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings are presumed correct. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). The findings of fact and conclusions of law are clearly erroneous if, after reviewing the entire record, we have a definite and firm impression a mistake has been made. *Davis v. State*, 453 S.W.3d 882, 884 (Mo. App. E.D. 2015).

Under the *Strickland* standard, Movant must show by a preponderance of the evidence: (1) his trial counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he was prejudiced by counsel's failure. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). Both prongs of the *Strickland* test must be satisfied for Movant to be entitled to post-conviction relief for ineffective assistance of counsel. *Zink*, 278 S.W.3d at 175.

### III. Analysis

In his sole point on appeal, Movant argues the motion court clearly erred in denying his claim trial counsel was ineffective for failing to make an offer of proof regarding Decedent's alleged gang membership and marijuana dealings. Movant claims had the offer of proof been made and the evidence been admitted, there is reasonable probability Movant would have been acquitted. Movant argues in the alternative, had the offer of proof been made and the evidence was excluded, the case likely would have been reversed on appeal. Respondent argues the evidence Movant claims defense counsel should have presented in an offer of proof was inadmissible and that Movant's alternative argument is not a recognized claim under Rule 29.15.

For the performance prong of the *Strickland* test, Movant needs to overcome the strong presumption his counsel's conduct was reasonable and effective. *Zink*, 278 S.W.3d at 176. Movant must point to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id*. To raise a successful ineffective assistance of counsel claim based on failure to make an offer of proof, Movant must prove the evidence would be admissible if the offer of proof had been made. *Barnes v. State*, 334 S.W.3d 717, 722 (Mo. App. E.D. 2011).

At the evidentiary hearing, Waltz testified the defense strategy at trial was alibi and mistaken identification. Waltz said evidence of Decedent's "gang-life" tattoo and marijuana dealings could have supported a partial defense theory that someone else committed the crime. Evidence of an alternate perpetrator "must tend to prove that the other person committed some

6

act directly connecting him with the crime." *State v. Nash*, 339 S.W.3d 500, 513 (Mo. banc 2011) (quoting *State v. Rousan*, 961 S.W.2d 831, 848 (Mo. banc 1998)). When the evidence is only that someone else may have had motive or opportunity to commit the offense, alternate perpetrator evidence is not admissible. *State v. Bowman*, 337 S.W.3d 679, 686 (Mo. banc 2011). "Counsel cannot be deemed ineffective for failing to do that which would have been futile." *State v. Danback*, 886 S.W.2d 204, 209 (Mo. App. E.D. 1994); *see also Sidebottom v. State*, 781 S.W.2d 791, 799 (Mo. banc 1989) (counsel cannot be ineffective for failing to make a non-meritorious objection). The vague allegation an unknown disgruntled gang member or unknown marijuana customer may have committed the crime is not admissible alternative perpetrator evidence. Therefore, Movant's counsel was not ineffective because failing to make the offer of proof would have been futile.

Even if Movant could prove the performance prong of the *Strickland* test, he has not established prejudice from counsel's failure to make an offer of proof. Movant must show "but for" the alleged unprofessional error of counsel, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. At the evidentiary hearing, Dodson stated her son was not in a gang and did not deal drugs. She had no knowledge what was on Facebook about her son. Had this cross-examination been allowed at trial, it would not have helped Movant.

The motion court correctly found it was mere speculation when Movant claimed Dodson's testimony portraying her son as a good kid "roused" the jury to convict Movant. The State's evidence at trial was the prior disagreement and fist fight between Movant and Robinson; the Facebook photo of Movant with a gun in his waistband from the same day of the shooting; and the two eyewitness identifications of Movant. Counsel's failure to make an offer of proof did not prejudice Movant.

7

Movant argues in the alternative, had the offer of proof been made but the evidence excluded, the case likely would have been reversed on appeal. Movant's argument is a claim that counsel was ineffective for failing to preserve an error for review because the offer of proof was not made. Movant concedes failure to preserve error for appellate review is not a cognizable claim in a Rule 29.15 motion. *Dickerson v. State*, 269 S.W.3d 889, 893 n.3 (Mo. banc 2008); *Strong v. State*, 263 S.W.3d 636, 646 (Mo. banc 2008); *McCoy v. State*, 431 S.W.3d 517, 522-23 (Mo. App. E.D. 2014). We agree. Point denied.

Conclusion

For the reasons stated above, we find the motion court did not clearly err in denying post-conviction relief. The motion court's judgment is affirmed.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.